IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KENNETH EUGENE CARTER,**

    **Plaintiff,**

vs.                                                                                        CIVIL ACTION NO. 2:15-11485

**CAROLYN W. COLVIN**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the nonpayment of Plaintiff's retroactive Supplemental Security Income (SSI) award under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. By Order entered January 5, 2016 (Document No. 4.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the Defendant's Motion to Dismiss this action without prejudice because the Plaintiff had not exhausted his administrative remedies below prior to filing this action, and the Plaintiff's Response in Opposition. (Document Nos. 17 and 20.)

The *pro se* Plaintiff, Kenneth Eugene Carter[1], filed this action on July 23, 2015 (Document No. 2) styled as "Petition for Execution Judgment Payment Owed", in which he seeks the back payment of a fully favorable SSI award that was entered on April 2, 2012 by Administrative Law Judge ("ALJ") James P. Toschi, in the amount of $10,784.16. The Defendant was served on August

---

[1] Plaintiff has been and is currently an inmate at Mount Olive Correctional Complex in Mt. Olive, West Virginia throughout these proceedings.

12, 2016. (Document No. 14.)

In support of the Defendant's Motion to Dismiss, the Acting Commissioner states that in Plaintiff's Notice of Award letter, it was not explained to him that while he is incarcerated, she is prohibited from paying any retroactive SSI benefits to individuals while they are in prison in accordance with the No Social Security Benefits for Prisoners Act of 2009, 42 U.S.C. § 1383(b)(7)(A)(i). (Document No. 18 at 2.) The Defendant further argues that the Plaintiff had not exhausted his administrative remedies, and had to file his Request for Review by November 23, 2016 in order to preserve his appeal regarding the nonpayment of his back award. (Id.) The Defendant further contends that because a "final decision" has not been entered by the Acting Commissioner in the Plaintiff's Social Security case, this Court does not have jurisdiction to entertain the Plaintiff's civil action pursuant to 42 U.S.C. § 405(g). Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (Document No. 18 at 4-5.) Finally, under the Regulations, a claimant may obtain judicial review of a decision by the ALJ if the Appeals Council has denied the claimant's request for review or of a decision by the Appeals Council rendering a final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210. (Id. at 5-6.)

The Plaintiff represents that he filed his timely Request on November 10, 2006. (Document No. 20 at 4, Document No. 20-1 at 5.) However, the Plaintiff takes issue with the Defendant's failure to pay his back award because at the time of the fully favorable award, April 2, 2012, he "was innocent of any crime" and that in the Notice of Award, there was "no monthly payment rate at the time." (Document No. 20 at 2-3.) Further, the Plaintiff contends that at no time did any administrative agency "protest" or "object" to the payment of his award payment of $10,784.16. (Id. at 4.) The Plaintiff has couched the Defendant's Motion as "tainting" the finality of the ALJ's

2

decision, ostensibly due to the Acting Commissioner never having denied the back pay allowance during the administrative proceedings. (Id.)

Further, the Plaintiff was not imprisoned for the conviction of any crime or serving a sentence for same at the time of the ALJ's favorable decision on April 2, 2012, at the time of the phone interview he had with the Agency employee to confirm his banking information on April 16, 2012, or when the Commissioner's decision was finalized on April 25, 2012; this award is not a benefit, but a debt owed to the Plaintiff which the Defendant is "improperly suspend[ing]" under 42 U.S.C. § 1383(b)(7)(A).[2] (Id. at 5-6.) The Plaintiff contends that he was only confined in the county jail awaiting bond or bail. (Id. at 6.) Moreover, the Plaintiff argues that his SSI claim was dated October 14, 2008, prior to the enactment of the aforementioned statute, and it is a violation of his due process rights to implement same retroactively. (Id.) The Plaintiff was found guilty by a jury on May 14, 2012, sentenced on June 11, 2012, and only from the latter date has he been "incarcerated doing a commitment."[3] (Id.)

Finally, the Plaintiff states that the Defendant's refusal to pay his back award was determined prior to his actual date of conviction envisioned under the No Social Security Benefits for Prisoners Act of 2009, which violated the Plaintiff's Constitutional rights insofar as the presumption of his innocence was disregarded and that he suffered substantial prejudice and bias by the Commissioner by avoiding her obligation to pay the debt owed to him. (Tr. at 7-8.) In closing, the Plaintiff prays the Court exercise jurisdiction "to the extent of determining by

---

[2] The undersigned notes that during the administrative hearing held before ALJ Toschi, the Plaintiff appeared by video at the South Central Regional Jail in Charleston, West Virginia. (Document No. 17 at 3.)

[3] The Plaintiff was convicted in the Circuit Court of Kanawha County, West Virginia, criminal action no. 11-F-692, of the felony offense of Murder in the First Degree and of the felony offense of Malicious Wounding. He was sentenced by Judge James C. Stucky "for the rest of his natural life" for the Murder conviction, and to not less than two nor more than ten years for the Malicious Wounding conviction, each sentence to run consecutively with one another. (Document No. 20-1 at 3-4.)

examination of the record whether or not a hearing would serve the ends of justice" and deny the Defendant's Motion. (Id. at 9.)

The applicable law pertaining to the arguments herein, 42 U.S.C. § 1983 (b)(7)(A)(i) provides:

> In the case of payment of less than the correct amount of benefits to or on behalf of any individual, no payment shall be made to such individual pursuant to this subsection during any period for which such individual – is not an eligible individual . . . under section 1382(e)(1) of this title because such individual is an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility the purpose of which is to confine individuals as described in clause (ii) or (iii) of section 402(x)(1)(A) of this title[.]

Pursuant to 42 U.S.C. § 402(x)(1)(A)(i), the Social Security Administration will not pay monthly benefits to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense. Subparagraph (B)(i) provides that for purposes under subparagraph (A), clause (i):

> [A]n individual shall not be considered confined in an institution comprising a jail, prison, or other penal institution or correctional facility during any month throughout which such individual is residing outside such institution at no expense (other than the cost of monitoring) to such institution or the penal system or to any agency to which the penal system has transferred jurisdiction over the individual.

The undersigned agrees with the Defendant and further **FINDS** the Court is precluded from judicial review of this matter pending a final decision by the Acting Commissioner in accordance with the legal authority *supra*. Until the Acting Commissioner renders a final decision regarding the Plaintiff's appeal concerning the non-payment of his back SSI award, the Court has no choice but to dismiss this matter without prejudice until jurisdiction is properly conferred upon it.

4

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the Defendant's Motion to Dismiss (Document No. 17.), and so Order it **DISMISSED WITHOUT PREJUDICE** for the reasons stated herein, and remove it from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this court is directed to file this Proposed Findings and Recommendation and to send a copy of same to *pro se* parties and counsel of record.

ENTER: January 6, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge