IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNETH EUGENE CARTER,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:15-cv-11485

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

In this civil action, Plaintiff Kenneth Eugene Carter seeks judicial review of the nonpayment of his retroactive Supplemental Security Income ("SSI") benefits. Pending is Defendant's Motion to Dismiss. (ECF No. 17.)

By standing order entered January 5, 2016, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for entry of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Aboulhosn issued his PF&R on January 6, 2017, recommending the Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint for failure to exhaust administrative remedies. Plaintiff filed timely objections on January 23, 2017.

*I.    BACKGROUND*

Plaintiff is a West Virginia inmate incarcerated at Mount Olive Correctional Complex in Mount Olive, West Virginia. He has been incarcerated since at least May 2012 when he was

convicted by jury verdict of first-degree murder. *See State v. Carter*, 750 S.E.2d 650, 652 (W. Va. 2013) (per curiam).

Plaintiff obtained SSI benefits while the criminal proceedings were ongoing. On April 2, 2012, an administrative law judge ("ALJ") issued a favorable decision finding Plaintiff disabled beginning on July 26, 2009. (Compl., ECF No. 2 at 4.) On April 25, 2012, the Social Security Administration ("SSA") mailed a Notice of Award letter to Plaintiff, informing him that he was owed retroactive benefits in the amount of $10,784.16. (*Id.* at 5.) Though Plaintiff appears to have been on pretrial detention at the time, the SSA neglected to inform him that he would not be eligible to receive any retroactive award of benefits while incarcerated. *See* 42 U.S.C. § 1383(b)(7)(A)(i).[1]

Plaintiff filed this action on July 23, 2015 to seek payment of his retroactive SSI benefits. After being served on August 12, 2016, Defendant moved to dismiss on November 2, 2016. Defendant alleged that Plaintiff had failed to exhaust his administrative remedies and was thus precluded from seeking judicial review pursuant to 42 U.S.C. § 405(g). Meanwhile, also on August 12, 2016, Plaintiff served a "Petitioner for Execution Judgment Payment Owed" on the SSA, again seeking his retroactive benefits award. On September 19, 2016, the SSA responded

---

[1] The statute reads:
>  (7)(A) In the case of payment of less than the correct amount of benefits to or on behalf of any individual, no payment shall be made to such individual pursuant to this subsection during any period for which such individual--
>  (i) is not an eligible individual or eligible spouse under section 1382(e)(1) of this title because such individual is an inmate of a public institution that is a jail, prison, or other penal institution or correctional facility the purpose of which is to confine individuals as described in clause (ii) or (iii) of section 402(x)(1)(A) of this title . . .
>  until such person is no longer considered an ineligible individual or ineligible spouse under section 1382(e)(1) or 1382(e)(4) of this title.

2

with an official notice that the agency could not issue the award while Plaintiff remains in prison. Plaintiff was also informed that he had 60 days—until November 23, 2016—to request reconsideration review.

Plaintiff requested a reconsideration on November 10, 2016. (Pl. Response to Mot. to Dismiss Ex. Obj. Ex. 3, ECF No. 20-1.) The SSA affirmed its September decision and advised Plaintiff that he had 60 days to request a hearing before an administrative law judge. Plaintiff submitted a request for a hearing on December 19, 2016.[2] (Pl. Obj. Ex. A, ECF No. 23-1.)

As stated, the Magistrate Judge entered his PF&R on January 6, 2017. The Magistrate Judge found that this Court is precluded from judicial review of this matter until the SSA issues a final decision. Plaintiff objects to this proposal and to the recommended dismissal of his case.

## II.  LEGAL STANDARD

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct

---

[2] Plaintiff submitted the documentation evidencing the SSA's denial of his reconsideration request and his request for a hearing in conjunction with his objections to the PF&R. As such, the Magistrate Judge did not have access to these documents in drafting his recommendation.

the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff's objections are difficult to understand. He appears to argue that the SSA ignored him until he filed the instant civil action. (Pl.'s Obj. at 2.) He also contends that the continued withholding of his retroactive SSI benefits constitutes a violation of Plaintiff's constitutional rights. The Court has no evidence of any appeals Plaintiff made to the SSA prior to filing this action. Further, as explained below, the Court lacks jurisdiction to review Plaintiff's challenge to the SSA's decision.

Section 405(g) governs federal judicial review of claims arising under the Social Security Act. Under that provision, an individual may seek judicial review of the final decision of the Commissioner of Social Security within sixty days of notice of the decision. 42 U.S.C. § 405(g). "No findings of fact or decision of the Commission of Social Security shall be reviewed by any person, tribunal, or governmental agency" except as provided by § 405. § 405(h). Despite Plaintiff's claims of unfairness, the law is clear—the SSA's final decision is a prerequisite to judicial review.

It is similarly clear that the SSA had not issued a final decision on the matter of Plaintiff's right to retroactive benefits before he filed his Complaint. Under Social Security regulations, a "final decision" is achieved through completion of a four-step administrative process. That process requires (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review. 20 C.F.R. § 416.1400(a). At the fourth step, the Appeals Council may either deny the request for review, allowing the ALJ's decision to stand as the final decision

of the SSA, or grant the request for review and issue its own decision. 20 C.F.R. § 404.981. Only then may a claimant seek judicial review of the SSA's final decision by filing an action in federal district court. 20 C.F.R. § 422.210. Plaintiff had not initiated the administrative process prior to filing this action, and based on the record before the Court, it appears the process still has not proceeded beyond step two. The Court is compelled to dismiss this action because Plaintiff had not obtained a judicially reviewable final decision.

IV. CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's objections (ECF No. 23), **ADOPTS** the PF&R (ECF No. 22), and **GRANTS** Defendant's Motion to Dismiss, (ECF No. 17.) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. (ECF No. 2.) The Clerk is **DIRECTED** to removed this action from the Court's active docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 5, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

5